IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DEANDRE BRADLEY, #M-05197,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18-cv-02169-SMY |
| | ) | |
| **FRANK LAWRENCE,** | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is now before the Court for preliminary review of the Second Amended Complaint (Doc. 38) filed by Plaintiff Deandre Bradley, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center ("Menard"). Plaintiff asserts an Eighth Amendment conditions of confinement claim, alleging excessive cell illumination that lasts twenty hours per day. (Doc. 38, pp. 1-4). He seeks an order requiring Acting Warden Frank Lawrence to either move him to a different cell or install an electric light switch in his current cell. (*Id.*).

The Second Amended Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Based on the allegations in the Second Amended Complaint, the Court finds it convenient to designate a single Count at issue in this *pro se* action:

> **Count 1:** Eighth Amendment deliberate indifference claim against Acting Warden Frank Lawrence for subjecting Plaintiff to unconstitutional conditions of confinement in the form of excessive cell lighting that aggravated his mental and physical health conditions.

**Any other claim that is mentioned in the Second Amended Complaint but not addressed herein should be considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

## Discussion

Plaintiff originally filed a *pro se* Complaint and an Amended Complaint pursuant to 42 U.S.C. § 1983. When the Court dismissed the Amended Complaint, counsel was recruited to represent Plaintiff going forward. Plaintiff's Counsel prepared and filed the Second Amended Complaint pursuant to 42 U.S.C. § 1983 but labeled it a "Petition for Writ of Mandamus, Due to Violation of Prisoner's Civil Rights to Reasonable But Not Excessive Lighting, Which Excessive Lighting Sickens Prisoner." (Doc. 38, p. 1).

Two different federal statutes govern Writs of Mandamus, and Plaintiff cited neither. *See* 28 U.S.C. § 1361 and 28 U.S.C. § 1651. Regardless, federal courts have no authority to grant mandamus relief against state officials. Rather, federal mandamus jurisdiction is limited to actions against "an officer or employee of the United States or any agency thereof." *See* 28 U.S.C. § 1361. Section 1651 also does not vest the Court with jurisdiction to issue writs of mandamus against state officials. *See* 28 U.S.C. § 1651(a). Thus, this Court lacks jurisdiction to issue a Writ of Mandamus against Acting Warden Lawrence.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

That said, Plaintiff filed the action pursuant to 42 U.S.C. § 1983 in order to obtain injunctive relief, and the plain language of that statute authorizes such relief. Therefore, this case will proceed as a § 1983 civil rights action.

With respect to the asserted Eighth Amendment claim against Warden Lawrence, a two-part inquiry is used to evaluate such claims. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). To satisfy the objective component of the claim, the Court must determine whether the complained-of condition is sufficiently serious. *Id.* To satisfy the subjective component, the Court must determine whether the defendant responded to the serious risk of harm posed to the plaintiff's health or safety with deliberate indifference. *Id.*

Plaintiff alleges he has been exposed to excessive cell illumination. Standing alone, this condition does not constitute cruel and unusual punishment in violation of the Eighth Amendment, even when exposure to lighting is constant. *See, e.g., Vasquez v. Frank*, 290 Fed. Appx. 927, 929 (7th Cir. 2008) (24-hour lighting using a single 9-watt bulb not the type of extreme deprivation which supports an Eighth Amendment claim); *Allen v. Hardy*, 11 C 4147, 2012 WL 5363415, at *8 (N.D. Oct. 26, 2012) (dismissing plaintiff's claim based on "cell house lights . . . beaming on high beams 24 hours a day" where his only injury was minor sleep deprivation). Although Plaintiff alleges the lighting aggravates his health problems, he offers no details in that regard. As such, his allegations do not satisfy the objective component of the claim.

The Second Amended Complaint also falls short of alleging deliberate indifference on the part of Acting Warden Lawrence. Section 1983 liability hinges on personal responsibility for a constitutional deprivation and the doctrine of *respondeat superior* is inapplicable to § 1983 claims. *Colbert v. City of Chicago*, 851 F.3d 649 (7th Cir. 2017). Thus, prison officials cannot be liable for inhumane conditions of confinement unless they know of and disregard an excessive risk to

inmate health or safety posed by the conditions. *Farmer,* 511 U.S. at 837-38. Count 1 will therefore be dismissed without prejudice.

Plaintiff will be given one final opportunity to re-plead this claim according to the deadline and instructions set forth below. Plaintiff should indicate whether he seeks money damages and/or injunctive relief therein. If Plaintiff believes interim relief is necessary, he should file a separate motion pursuant to Federal Rule of Civil Procedure 65(a) or (b) for a temporary restraining order and/or preliminary injunction.

## Disposition

The Second Amended Complaint (Doc. 38) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Plaintiff is **GRANTED** leave to file a "Third Amended Complaint" on or before **October 2, 2019**. Should Plaintiff fail to file a Third Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case will be dismissed with prejudice for failure to comply with a Court Order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal will also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Third Amended Complaint must stand on its own without reference to any previous pleading. It is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a Third Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*,

133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 9/4/2019**

s/ Staci M. Yandle
**STACI M. YANDLE**
**United States District Judge**