**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| DEANDRE BRADLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO.  18-cv-2169-RJD |
| | ) |
| JACQUELINE A. LASHBROOK and FRANK LAWRENCE, | ) ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on the Third Amended Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 59) and the Motion for Emergency Temporary Restraining Order (Doc. 72) filed by Plaintiff.   The Court denied Plaintiff's requests for temporary restraining orders and directed Defendants to file responses to the motions for preliminary injunctions (Docs. 61 and 73).   Defendants filed responses to the respective motions (Docs. 66 and 85).

**Background**

Plaintiff Deandre Bradley, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard").   Following threshold review (Doc. 61), Plaintiff proceeds on the following claims:

> **Count 1:** Eighth Amendment deliberate indifference claim against Lashbrook for subjecting Plaintiff to unconstitutional conditions of confinement in the form of excessive cell lighting that aggravated his mental and physical health conditions.
>
> **Count 2:** Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq., and Rehabilitation Act ("RA"), 29 U.S.C. §§ 794-794e claim against Lawrence.

Page **1** of **6**

Plaintiff is currently housed in North 2 A-wing at Menard (Doc. 59 at 10). Inmates who have Americans with Disabilities Act (ADA) accommodations are housed in the North 2 A-Wing (Doc. 66-1 at 2). The lighting for the seven cells in A-wing is controlled by one electrical box outside the individual cells (Id.). Plaintiff's motions for injunctive relief seek to have individual light switches installed in the cells where Plaintiff is housed. Initially, Plaintiff sought injunctive relief alleging the lighting in his cell was left on for twenty hours a day causing sleep deprivation (Doc. 59 at 3). Plaintiff alleged staff would not typically turn off the light until approximately 3:00 a.m. (Id.). In response to Plaintiff's first motion for injunctive relief, Defendants responded that the lights within the cells on North 2 A-Wing are shut off around 9:00 p.m. and turned on momentarily during the middle of the night so officers can perform a mandatory count of inmates, however, the light is not left on (Doc. 66-1 at 2).

Plaintiff's second motion for injunctive relief, asserts Defendants are now turning off the light at 9:00 p.m. every night and leaving it off, even when individual inmates need light during the night (Doc. 72). Plaintiff alleges the inmates in the ADA unit require light at different times during the night in order to change catheters, diapers, wound dressings, etc. (Id. at 2). Specifically, Plaintiff contends he needs light to safely transfer on and off his toilet during the night and that without adequate lighting he is forced to sit in a diaper full of feces (Id. at 5). Plaintiff asserts Defendants have gone from imposing excessive lighting to endangering Plaintiff due to a lack of adequate light during the night. Plaintiff argues individual light switches inside the ADA cells would appropriately accommodate Plaintiff and the other inmates in the North 2 A-Wing.

Defendants filed a response arguing Plaintiff is not subjected to inadequate lighting. Defendants contend that even when the lights in the cells are turned off, the lights in the hallway

of the ADA wing are kept on at all times due to safety and security concerns (Doc. 85-1 at 2). Plaintiff's cell A-4 has a window on the door of the cell which faces the hallway and a window which faces the outside of the facility (Id. at 1). Defendants attached photographs taken by correctional officers of the inside of Plaintiff's cell (Doc. 85-2). The first photograph taken with the lights on show a sheet draped halfway underneath the window facing outside (Id. at 1). The second photograph is taken from inside Plaintiff's cell during the night shift, showing light from the hallway partially illuminating the inside of the ADA cell (Id. at 2). Defendants argue that Plaintiff's assertions that he is left in complete darkness during the night without any light are without merit.

*Hearing on Plaintiff's Motions for Preliminary Injunction*

The Court held a hearing on Plaintiff's motions on April 23, 2020. The Court heard testimony from Plaintiff and Correctional Officer Powell.

Plaintiff has been on the A-Wing at Menard since August 21, 2018. Plaintiff testified that when he originally filed the motion for injunctive relief it was because the light in his cell was left on for more than twenty hours a day and deprived him of sleep. Since filing of his motion, staff now turns off the light at night and Plaintiff's cell is too dark for him to safely move around the cell using his wheelchair. Plaintiff testified that since the light is left off at night, he has fallen once when transferring from the toilet to his wheelchair. Plaintiff could not recall the date of the fall. Plaintiff testified he is set to be released from Menard on parole on May 8, 2020, but will be returning to IDOC pursuant to a plea agreement in a separate case, and will likely again be placed at Menard in the ADA wing.

Correctional Officer Powell testified that he currently works the 3:00 p.m. to 11:00 p.m. shift at Menard Correctional Center. Powell has been assigned to the North 2 Annex for

approximately 14 months. There are three wings in the North 2 Annex housing 22 inmates. Powell is assigned to the unit currently housing Plaintiff. Powell conducts a gallery tour of each wing, at a minimum, every 30 minutes. Light switches for the cells are controlled by a central switch and the inmates do not have the ability to control the light switches themselves. Each wing has light fixtures located in the hallway that are always left on. The lights in the cells are turned on during the day and are turned on for count. The lights are turned off at night unless inmates request the light be left on. Officer Powell testified he has no set time that he always turns on or off the light, it depends on the needs of the majority of the inmates on the wing. If an inmate needs the light turned on, an inmate can request the light be turned on. When the lights are off in the cell, there is still some illumination in the cell from the hallway light.

Plaintiff filed a Motion Requesting Writs Issued for Plaintiff's Witnesses (Doc. 90). Based upon the testimony at the hearing and the affidavits provided, the Court determined additional witnesses were not necessary and denied Plaintiff's motion at the hearing.

### Legal Standard

"The purpose of preliminary injunctive relief is to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Platinum Home Mortg. Corp. v. Platinum Fin. Group, Inc.*, 149 F.3d 722, 726 (7th Cir.1998). "In order to obtain a preliminary injunction, the moving party must show that: (1) they are reasonably likely to succeed on the merits; (2) no adequate remedy at law exists; (3) they will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted; and (4) the injunction will not harm the public interest." *Joelner v. Village of Washington Park, Illinois*, 378 F.3d 613, 619 (7th Cir. 2004).

The scope of the court's authority to enter an injunction in the corrections context is

circumscribed by the Prison Litigation Reform Act (PLRA).  *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012).  According to the Prison Litigation Reform Act (PLRA) injunctions in the prison context must be "narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C.A. § 3626.

The Seventh Circuit has described injunctions like the one sought here, where an injunction would require an affirmative act by the defendant, as a mandatory preliminary injunction. *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997).  Mandatory injunctions are "cautiously viewed and sparingly issued," since they require the court to command a defendant to take a particular action.  *Id*.  (citing *Jordan v. Wolke*, 593 F.2d 772, 774 (7th Cir. 1978)).  *See also W.A. Mack, Inc. v. Gen. Motors Corp.*, 260 F.2d 886, 890 (7th Cir. 1958) ("A preliminary injunction does not issue which gives to a plaintiff the actual advantage which would be obtained in a final decree.").

**Analysis**

Plaintiff has failed to show that he will suffer irreparable harm absent injunctive relief. While it is certainly inconvenient for Plaintiff to have to request a correctional officer turn on or off the lighting in his cell, he has failed to show that he will suffer irreparable harm absent the installation of individual light switches.  Testimony confirmed a correctional officer makes rounds past Plaintiff's cell, at a minimum, every thirty minutes and Plaintiff can request the light be turned on or off throughout the night based on his needs.  Further, Plaintiff has failed to show that he is reasonably likely to succeed on the merits of his claim that Defendants have subjected him to unconstitutional conditions of confinement in the form of excessive cell lighting.  *See King v. Frank*, 371 F. Supp. 2d 977, 985 (W.D. Wis. 2005) (Inmate was not deprived of basic human

need by presence of constantly illuminated fluorescent light in his cell). Moreover, any harm alleged by Plaintiff does not outweigh the undue hardship that interference with the prison's lighting and electrical structure would place on IDOC. Plaintiff is not entitled to the injunctive relief requested.

### Conclusion

For the reasons set forth above, Plaintiff's motions (Docs. 59 and 72) are **DENIED**. Additionally, as set forth above, Plaintiff's Motion Requesting Writs (Doc. 90) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:   April 27, 2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**