IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DEANDRE BRADLEY, #M-05197, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-2169-RJD |
| | ) | |
| JACQUELINE LASHBROOK and FRANK LAWRENCE, | ) ) | |
| | ) | |
|     Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Motion for Leave to File Supplemental Amended Complaint and Request Defendants Withdraw Exhaustion Affirmative Defense (Doc. 91). Defendants filed a timely response (Doc. 94).[1] For the reasons set forth below, the Motion is **GRANTED IN PART AND DENIED IN PART.**

**Background**

Plaintiff Deandre Bradley filed this lawsuit *pro se* pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights at Menard Correctional Center ("Menard"). Plaintiff is wheelchair bound and was housed in a unit with other wheelchair bound inmates.[2] The lights were kept on in the unit throughout most of the night so that the inmates could attend to their medical and physical conditions (e.g., catheter adjustment). Plaintiff alleges the excessive cell lighting exacerbated his depression, anxiety, and insomnia.

---

[1] Defendants' response was based on a mistaken belief that Plaintiff had violated a previous order regarding signatures on his Motion and proposed amended complaint. That issue was addressed in the Order at Doc. 99.

[2] On May 12, 2020, Menard notified the Court that Plaintiff left the prison on parole. Plaintiff updated his address with the Court on May 28, 2020, to reflect that he is now living in a halfway house.

The Court addressed pleading and filing errors in Plaintiff's original Complaint, First Amended Complaint, and Second Amended Complaint. On December 16, 2019, the Court entered an order after screening Plaintiff's Third Amended Complaint pursuant to 28 U.S. C. §1915A, allowing Plaintiff to proceed on these claims:

Count One: Eighth Amendment deliberate indifference claim against Jacqueline Lashbrook for subjecting Plaintiff to unconstitutional conditions of confinement in the form of excessive cell lighting that aggravated his mental and physical health conditions

Count Two: Americans with Disabilities Act ("ADA"), 42 USC §§ 12101 *et seq*. and the Rehabilitation Act ("RA"), 29 USC §§ 794-794e claim against Frank Lawrence.

Plaintiff filed a Motion for Preliminary Injunction on December 12, 2019, asking the Court to order Defendants to install individual light switches in the cells in Plaintiff's wing so that the wheelchair bound inmates could control the lighting in their own cells and not be subjected to excessive lighting. Plaintiff filed another Motion for Preliminary Injunction on January 31, 2020. Plaintiff again asked the Court to order Defendants to install light switches in the cells in Plaintiff's wing, but for a different reason: Plaintiff claimed that Major David Evelsizer enacted a new policy of turning the lights off in Plaintiff's wing from 9:00 p.m. to 7:00 a.m. Plaintiff contended that Major Evelsizer enacted this policy in response to Plaintiff's December 2019 Motion for Preliminary Injunction. After holding an evidentiary hearing on April 23, 2020, the Court denied both motions.

**Fourth Amended Complaint**

Plaintiff filed the Motion for Leave to File Supplemental Amended Complaint and Request that Defendants Withdraw Exhaustion Affirmative Defense (Doc. 91) on March 12, 2020. This motion is now before the Court and the Court will construe it as a Motion for Leave to File Fourth

Amended Complaint. Plaintiff's proposed fourth amended complaint contains a proposed new plaintiff, Titus Linton. Linton signed the Motion for Leave to File Supplemental Amended Complaint and also signed the proposed fourth amended complaint. However, the Court gave Linton information about potential consequences of group litigation and instructed him to advise this Court on or before May 11, 2020 if he still wished to continue as a plaintiff in this case. As of the date of this Order, Mr. Linton still has not advised this Court of his intentions.

Plaintiff's proposed fourth amended complaint also contains a claim against a new defendant, Major David Evelsizer. Similar to Plaintiff's argument in his Motion for Preliminary Injunction filed in January 2020, Plaintiff alleges in his proposed fourth amended complaint that Defendant Evelsizer started a new practice of turning off all of the lights in Plaintiff's wing from 9:00 p.m. to 7:00 a.m. Plaintiff alleges this practice was a response to Plaintiff's December 2019 Motion for Preliminary Injunction in which Plaintiff claimed that the excessive lighting was causing him irreparable harm. In his proposed fourth amended complaint, Plaintiff alleges that because of his physical limitations, he needs to be able to turn on the light in his cell to safely and hygienically use the restroom at night.

Plaintiff also asks the Court to substitute Alex Jones, the new warden at Menard, for Defendant Lawrence, the previous warden. The Court finds it helpful to designate Plaintiff's allegations in the proposed fourth amended complaint into the following counts:

Count One:  Eighth Amendment deliberate indifference claim against Jacqueline Lashbrook for subjecting Plaintiff to unconstitutional conditions of confinement in the form of excessive cell lighting that aggravated his mental and physical health conditions

Count Two:  Claims under the Americans with Disabilities Act ("ADA"), 42 USC §§ 12101 *et seq*. and the Rehabilitation Act ("RA"), 29 USC §§ 794-794e against Alex Jones, the current warden at Menard and Robert Jeffreys,

        Director of IDOC.[3]

Count Three: Eighth Amendment deliberate indifference claim against Major David Evelsizer for subjecting Plaintiff to unconstitutional conditions of confinement in the form of excessive darkness in Plaintiff's cell at night, causing Plaintiff physical injuries.

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled. *See Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007) (a claim must state "enough facts" to be "plausible on its face").

## Discussion

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend should be freely given "when justice so requires." The Seventh Circuit maintains a liberal attitude toward the amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). A *pro se* plaintiff is held to "less stringent pleading standards" than a party represented by counsel. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A court may, however, deny the plaintiff leave to amend if his claim is futile. *Townsend v. Fuchs*, 522 F.3d 765, 775 (7th Cir. 2008). Leave may also be denied where the plaintiff caused undue delay or had a dilatory motive. *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004). Here, there appears to be no delay or dilatory motive, so the only question for the Court to determine is whether the new claims in Plaintiff's proposed fourth amended complaint are futile.[4]

---

[3] Plaintiff named Director Jeffreys in his Third Amended Complaint, but Plaintiff's claim against him did not survive the Court's §1915A review. It is unclear from Plaintiff's proposed fourth amended complaint whether Plaintiff is attempting to revive his claim against Director Jeffreys. Consequently, the Court included an analysis of Plaintiff's potential claim against Director Jeffreys in this Order.

[4] Count One was previously screened by the Court pursuant to 28 USC §1915A(a). Plaintiff made no substantial changes to the allegations in Count One for his proposed fourth amended complaint, other than the attempt to add Titus Linton as a plaintiff. Apart from addressing the addition of Mr. Linton, the Court will not otherwise address Count One in its analysis in this Order.

**Count Two: Americans with Disabilities Act ("ADA"), 42 USC §§ 121010 et seq. and the Rehabilitation Act ("RA"), 29 USC §§ 794-794e claim against Alex Jones**

Title II of the ADA and the RA are functionally identical, and courts often construe them as a single claim. *See Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 671 (7th Cir. 2012). Such claims are proper only against an agency or its director in his/her official capacity. *Id*. at 670. To prevail on a Title II ADA claim, the plaintiff must establish (1) "he is a 'qualified individual with a disability'"; (2) "he was denied 'the benefits of the services, programs, or activities of a public entity' or otherwise subject to a discrimination by such an entity"; and 3) "the denial or discrimination was 'by reason of his disability.'" *Lacy v. Cook Cty.*, 897 F.3d 847, 853 (7th Cir. 2018). Discrimination can be established by showing the defendant failed to make reasonable modifications for the plaintiff's disability. *Id*.

Count Two of Plaintiff's proposed fourth amended complaint is nearly identical to Count Two of his Third Amended Complaint, except he seeks to substitute Alex Jones (the current warden at Menard) for David Lawrence (the previous warden). The Court will allow this substitution but notes that whenever a party who is an individual sued in his/her official capacity resigns, the defendant's successor is automatically substituted. Fed. R. Civ. Pro. 25(d). Plaintiff need not amend his complaint for the substitution to take place.

At this time, however, Plaintiff's injunctive relief claims against Alex Jones appear to be futile. Plaintiff, on parole and no longer at Menard, is not entitled to injunctive relief if there are no longer "continuing, present adverse effects." *Palmer v. City of Chicago*, 755 F.2d 560, 571 (1985) (internal citations omitted). Plaintiff can still obtain compensatory damages under the ADA and RA if he is able to establish that Defendant Jones (in his official capacity as Menard's Warden) was deliberately indifferent, i.e., that he knew that harm to a federally protected right was

substantially likely and failed to act upon that likelihood. *Lacy*, 897 F.3d at 862-63. Plaintiff alleges that, at least as early as 2017, officials at Menard were made aware of how the lighting issues in Plaintiff's wing were affecting the wheelchair bound inmates. Constant light at night caused the inmates mental disturbances; constant darkness during the night caused them to injure themselves while attempting to transfer to the toilet. Considering only the facts alleged in Plaintiff's proposed fourth amended complaint, this Court cannot say that Plaintiff's ADA and RA claims for compensatory damages appear to be futile against Alex Jones in his official capacity as Warden of Menard.

The same is not true, however, for Plaintiff's ADA and RA claims against Robert Jeffreys. Plaintiff alleges in the proposed fourth amended complaint that Mr. Jeffreys is the Acting Director of the Illinois Department of Corrections ("IDOC") and names him as a defendant in Count Two. Plaintiff's proposed fourth amended complaint makes no allegations that IDOC officials had any notice of the lighting issues in Plaintiff's wing at Menard. Plaintiff attempted to name Mr. Jeffreys in his Third Amended Complaint, and the Court dismissed Mr. Jeffreys in the §1915(A) review order. To the extent Plaintiff is seeking leave to name Mr. Jeffreys in Count Two of the proposed fourth amended complaint, Plaintiff's motion is denied.

Accordingly, Plaintiff is granted leave to bring Count Two of his proposed fourth amended complaint against Alex Jones in his official capacity for compensatory damages only.

**Count Three: Eighth Amendment claim against Major David Evelsizer**

To proceed on an Eighth Amendment claim, Plaintiff must plead facts that indicate (1) "the conditions at issue were 'sufficiently serious' so that a 'prison official's act or omission results in the denial of the minimal civilized measure of life's necessities;'" and (2) the prison official "received information from which the inference could be drawn that a substantial risk existed, and

that the official actually drew the inference." *Townsend*, 522 F.3d at 775. (*internal citations omitted*). A prison official's knowledge can be established by "the very fact that the risk was obvious." *Farmer v. Brennan*, 511 U.S. 825, 842 (1994) (*internal citations omitted*). In Count Three, Plaintiff alleges that Major Evelsizer recently enacted a new practice of turning the light off in Plaintiff's wing every night from 9:00 p.m. until 7:00 a.m. the next morning. Plaintiff alleges Major Evelsizer enacted this practice as a response to the Motion for Preliminary Injunction filed by Plaintiff in December 2019 which asked the Court to order Defendant Lawrence (the previous warden at Menard) to place individual light switches in the cells in Plaintiff's wing so each inmate could control his own lighting.

Plaintiff alleges that because his cell is now continuously dark at night, he cannot see to change his diaper, which has caused him to "wake up covered in feces on a day where no showers were available." Being in the dark has also caused him to fall while transferring to the toilet, injuring himself. For the purpose of determining whether to grant Plaintiff leave, the Court finds that these allegations establish that the conditions at issue were sufficiently serious.

Plaintiff makes no specific allegations as to whether Major Evelsizer received information from which he inferred that there was a substantial risk to Plaintiff if the lights in his wing were all turned off at night. Plaintiff does, however, allege that the risks of keeping the wheelchair bound inmates in the dark all night were obvious. Under the deliberate indifference standard, the factfinder can infer the defendant had actual knowledge by the obviousness of the risk. *Est. of Simpson v. Gorbett*, 863 F.3d 740, 746 (7th Cir. 2017). Consequently, Plaintiff's allegations satisfy the requirements for an Eighth Amendment claim and Plaintiff may proceed on Count Two of his Fourth Amended Complaint.

**Titus Linton's claims**

Mr. Linton signed both the Motion for Leave to File Plaintiffs' proposed fourth amended complaint, and the proposed fourth amended complaint. The Court issued an order on April 20, 2020, giving Mr. Linton more information about potential consequences of group litigation. Mr. Linton was ordered to advise the Court in writing on or before May 11, 2020 whether he still wanted to continue in this litigation. If he chose to continue as a plaintiff in this lawsuit, he was ordered to either pay the filing fee or file a properly completed *in forma pauperis* motion on or before May 11, 2020.  As of today's date, Mr. Linton has not advised the Court as to whether he wishes to continue in this litigation, nor has he filed an *in forma pauperis* motion or paid the $400 filing fee. Accordingly, Plaintiff Deandre Bradley is denied leave to add Titus Linton as a plaintiff to this suit.

**Plaintiff's Motion to Request Defendants Withdraw the Affirmative Defense of Exhaustion**

In the instant motion, Plaintiff "respectfully asks that the defendants withdraw their motion for the affirmative defense of exhaustion." Plaintiff claims that he has fully exhausted the issues in his complaint. Plaintiff does not appear to be asking the Court to take any action at this time. To the extent Plaintiff is asking this Court to order Defendants to withdraw their affirmative defense of exhaustion, the Court has no authority at this juncture to make such an order and therefore denies Plaintiff's request.

## Conclusion

For the foregoing reasons, Plaintiff's Motion for Leave to File Fourth Amended Complaint and Request that Defendants Withdraw Exhaustion Affirmative Defense (Doc. 91) is **GRANTED IN PART AND DENIED IN PART.** Plaintiff is **GRANTED** leave to amend his complaint to proceed on the following claims on his own behalf:

      **Count One**:   Eighth Amendment claim against Jacqueline Lashbrook

      **Count Two**:   ADA and RA claim against Alex Jones for compensatory damages only

      **Count Three**: Eighth Amendment claim against David Evelsizer

Plaintiff's Motion for Leave to Add Titus Linton as a Plaintiff is **DENIED.**

Plaintiff's Motion to Request Defendants withdraw the Affirmative Defense of Exhaustion is **DENIED**.

The Clerk of Court is **DIRECTED** to file Plaintiff's proposed fourth amended complaint (submitted on March 12, 2020 and titled as "Amended Supplemental Complaint for Temporary Restraining Order (TRO) Preliminary Injunction Relief and Money Damages") as the Fourth Amended Complaint. The Court notes that although the entirety of Plaintiff's proposed fourth amended complaint will be filed, only the claims set forth above will proceed in this action.

The Clerk of Court is **DIRECTED** to **SUBSTITUTE** Alex Jones for Frank Lawrence and **TERMINATE** Lawrence as a party to this matter.

The Clerk of Court shall prepare for Defendant David Evelsizer: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Fourth Amended Complaint, and this Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure. Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further

pleading or other document submitted for consideration by the Court.   Plaintiff shall include with the original paper to be filed a certificate of service stating the date on which a true and correct copy of any document was served on Defendants or counsel.   Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

**IT IS SO ORDERED.**

**DATED:   6/25/2020**

*s/ Reona J. Daly*

**Hon. Reona J. Daly**
**United States Magistrate Judge**