IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DEANDRE BRADLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-2169-RJD |
| | ) | |
| JACQUELINE LASHBROOK and FRANK LAWRENCE, | ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

    This matter is before the Court for case management purposes.  Plaintiff filed this suit *pro se* on December 13, 2018 (Doc. 1).  At that time, he was incarcerated within the Illinois Department of Corrections (Doc. 1).   He was released on parole in May 2020 (Doc. 109).[1]   The Court set a discovery deadline of June 25, 2021 and informed Plaintiff that he must cooperate in the taking of his deposition (Doc. 127).

    On June 15, 2021, Defendants filed a Motion for Sanctions, explaining to the Court that Plaintiff failed to appear for his deposition on June 11, 2021 (Doc. 128).   Plaintiff e-mailed counsel for Defendants at 8:57 a.m. on June 11, 2021, informing counsel that he would only be available by phone for his deposition. (Doc. 128-1).   Defense counsel gave Plaintiff the phone number to call for the deposition starting at 10:00 a.m. (*Id*).    Plaintiff never called or otherwise appeared for the deposition.

---

[1] When Plaintiff notified the Court of his change in address, he asked the Court to send him instructions on using the electronic case filing system. The Court granted his request, sending him the instructions which informed him that as a *pro se* plaintiff, he could (but was not required to) use the electronic case filing system (Doc. 110).

Plaintiff also never responded to Defendants' Motion for Sanctions.   On July 22, 2021, the Court ordered Plaintiff to show cause on or before August 12, 2021, explaining why he should not be sanctioned for failing to appear for his deposition (Doc. 130).   As of today's date (August 17, 2021), Plaintiff filed no response to the Order to Show Cause.

This Court has the "inherent authority to dismiss a case *sua sponte* for a plaintiff's failure to prosecute." *O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 952 (7th Cir. 2000). Where a *pro se* plaintiff has engaged in "ordinary misconduct" (e.g., failing to appear for a hearing), dismissal of the matter with prejudice is appropriate after the Court has warned the plaintiff accordingly (though such a warning is not necessarily required). *McInnis v. Duncan*, 697 F.3d 661, 665 (7th Cir. 2012) (internal citations omitted).   Plaintiff's actions over the last two months show that he has lost interest in the case.   Plaintiff failed to appear for his deposition, despite representing to defense counsel approximately one hour before the deposition began that he would participate by phone.   Plaintiff never responded to Defendants' Motion for Sanctions. The Court warned Plaintiff that failure to comply with the Show Cause Order may result in dismissal of this matter with prejudice (Doc. 130).[2]   Nevertheless, Plaintiff failed to comply. Consequently, this matter is DISMISSED WITH PREJUDICE.   All pending motions are denied as MOOT.   The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:   8/17/2021**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**

---

[2] The Court had also informed Plaintiff that failing to cooperate in the taking of his deposition may result in the dismissal of this lawsuit (Doc. 127).

Page **2** of **2**